IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDNA AUSTIN, | ) | |
| REDDING PHILLIP AUSTIN, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO.: |
| | ) | 1:07CV00883-MEF |
| TIN TIN SUPER BUFFET, | ) | |
| CITY OF OZARK, | ) | |
| WALTON RUSSELL, | ) | |
| JIMMY SANDERS, | ) | |
| DAN WEI, | ) | |
| CHIEF TONY SPIVEY | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**DEFENDANTS ANSWER TO COMPLAINT**

Come now Defendants, CITY OF OZARK, WALTON RUSSELL, and CHIEF

TONY SPIVEY, and for answer to Plaintiffs' Complaint in the above styled cause, says

as follows:

1. The allegations of paragraph one (numbered 1) of the Plaintiffs' Complaint do

not appear to relate in any way to these Defendants, but to the extent such allegations

could be construed as stating any claim against these Defendants they are denied.

2. These Defendants lack sufficient information to either admit or deny the

allegations of paragraph two (numbered 2) of Plaintiffs' Complaint.

3. These Defendants lack sufficient information to either admit or deny the

allegations of paragraph three (numbered 3) of Plaintiffs' Complaint.

4. These Defendants admit that Walton Russell is a police officer with the City of

Ozark, and admit that Chief Spivey is the Chief of the Ozark Police Department, but

these Defendants deny that Chief Spivey is the final decision-maker and policy maker for the City of Ozark.

5.  Defendants admit the allegations of paragraph five (numbered 5) of the Plaintiffs' Complaint, except that these Defendants deny that Walton Russell, as an individual, is an agent for the City of Ozark in any way.

6.  These Defendants lack sufficient information to either admit or deny the allegations of paragraph six (numbered 6) of Plaintiffs' Complaint.

7.  The allegations of paragraph seven (numbered 7) of the Plaintiffs' Complaint do not appear to state a claim against Defendants, but to the extent such allegations could be construed as stating any claim against these Defendants, they are denied.

8.  Defendants deny the allegations of paragraph eight (numbered 8) of the Statement of the Facts of Plaintiffs' Complaint and demand strict proof thereof.

9.  The allegations of paragraph nine (numbered 9) of the Statement of the Facts of Plaintiffs' Complaint do not appear to state a claim against these Defendants, but to the extent such allegations could be construed as stating any claim against these Defendants, they are denied.

10.  The allegations of paragraph ten (numbered 10) of the Statement of the Facts of Plaintiffs' Complaint do not appear to state a claim against these Defendants, but to the extent such allegations could be construed as stating any claim against these Defendants, they are denied.

11.  Defendants deny the allegations of paragraph eleven (numbered 11) of the Statement of the Facts of Plaintiffs' Complaint and demand strict proof thereof.

12.  The allegations of paragraph twelve (numbered 12) of the Federal Claims section of Plaintiffs' Complaint, which is listed TIN TIN SUPER BUFFET, DAN WEI AND JIMMY SANDERS, do not appear to state a claim against these Defendants, but to the extent such allegations could be construed as stating any claim against these Defendants, they are denied.

12.  Defendants deny the allegations of paragraph twelve (numbered 12) of the Federal Claims section of Plaintiffs' Complaint, which is listed CITY OF OZARK, and demand strict proof thereof.

13.  Defendants deny the allegations of paragraph thirteen (numbered 13) of the Federal Claims section of Plaintiffs' Complaint, which is listed OFFICER RUSSELL, and demand strict proof thereof.

14.  Defendants re-aver and adopt the defenses of paragraphs 1 through 13 above as if fully set forth herein.

15.  Defendants deny the allegations of paragraph fifteen (numbered 15) of the State Claims section of Plaintiffs' Complaint, and demand strict proof thereof.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

The Complaint fails to state a claim against Defendants upon which relief can be granted.  Further, Chief Tony Spivey is named as a Defendant, but Plaintiffs' Complaint fails to state a claim against Defendant Spivey, and fails to specify any claims against him as an individual or in his official capacity.

## SECOND DEFENSE

The Defendants deny they are guilty of any of the claims which are alleged and claimed in the Plaintiffs' Complaint and further claim that they are in no way guilty of violating the Americans With Disabilities Act, the Plaintiffs' Constitutional Rights, or the Code of Alabama.

## THIRD DEFENSE

These Defendants aver that Plaintiffs' injuries were a result and due in part to Plaintiffs' own conduct and actions, and therefore, some or all of Plaintiffs' claims against these Defendants are barred.

## FOURTH DEFENSE

Defendants plead the affirmative defense of Plaintiffs' unclean hands.

## FIFTH DEFENSE

The injuries, losses, damages and occurrences alleged in the Complaint were the result of an independent and intervening or superseding negligence, fault and/or wrongful conduct or causes of one or more persons or entities concerning which these Defendants had no control nor right of control and in no way participated, and therefore, some or all of Plaintiffs' claims against these Defendants are barred.

## SIXTH DEFENSE

Defendants affirmatively plead any of the following defenses which maybe applicable in this case:  fraud, duress, misrepresentation, mistake, mistake of law, mutual mistake of fact, illegality, undue influence, unconscionability, laches, Statute of Frauds, Statue of Limitations and/or accident.

## SEVENTH DEFENSE

Plaintiffs' claims and damages are barred in whole or part by the doctrines of avoidable consequences.

## EIGHTH DEFENSE

Imposition of punitive damages in this action against these Defendants without a statutory limit as to the amount of said damages violates the Due Process Clause and these Defendants' guarantee of equal protection as required by the United States Constitution.

## NINTH DEFENSE

These Defendants aver that no action or lack of action on the part of these Defendants, nor any of its agents or employees caused any damages for which the Plaintiffs bring this suit.

## TENTH DEFENSE

These Defendants assert the defenses of notice which are accorded to municipalities as set forth in §11-47-23 and §11-47-192, <u>Code of Alabama</u> (1975).

## ELEVENTH DEFENSE

Unless these Defendants' liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate these Defendants' due process rights guaranteed by the fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWELFTH DEFENSE

Any claim for punitive damages against these Defendants cannot be sustained because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages issues would violate these Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution.

## THIRTEENTH DEFENSE

Any claim for punitive damages against these Defendants cannot be sustained because an award of punitive damages under Alabama law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate this Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## FOURTEENTH DEFENSE

Any claim for punitive damages against these Defendants cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate these Defendants' due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

## FIFTEENTH DEFENSE

Any claim for punitive damages cannot be sustained because an award of punitive damages under state law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and

the effective assistance of counsel, would violate these Defendants' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

## SIXTEENTH DEFENSE

The claim of Plaintiff for mental anguish and severe emotional distress against these Defendants cannot be sustained, because an award of such damages under Alabama law subject to no predetermined limit or clearly stated objective standard, such as a maximum multiple of out-of-pocket damages or a maximum amount, on the amount of such damages that a jury may impose, would violate these Defendants' due process and equal protection rights guaranteed by the United States Constitution and by the due process and equal protection provisions of the Constitution of the State of Alabama.

## SEVENTEENTH DEFENSE

Defendants affirmatively plead any other matter constituting an affirmative defense that may be applicable in this case.

## EIGHTEENTH DEFENSE

Defendants reserve the right to amend this answer pending additional investigation and/or discovery.

Dated this the 24th day of October, 2007.

/s/ Steadman S. Shealy, Jr._____

Steadman S. Shealy, Jr. (SHE023)
ASB 2193-Y88S
Attorney for Defendants:
City of Ozark,
Walton Russell,
Chief Tony Spivey

OF COUNSEL:
SHEALY, CRUM & PIKE, P.C.
P. O. Box 6346
Dothan, AL 36302-6346
(334) 677-3000
Fax (334) 677-0030

### CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed a copy of the foregoing, properly addressed and postage prepaid, to:

Jeffrey W. Bennitt
Jeff Bennitt & Associates, LLC
Suite 3A 4898 Valleydale Rd.
Birmingham, AL  35242

This the 24th day of October, 2007.

/s/ Steadman S. Shealy, Jr._____