IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDNA AUSTIN and REDDING PHILLIP AUSTIN, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 1:07-cv-883-MEF |
| TIN TIN SUPPER BUFFET; CITY OF OZARK; WALTON RUSSELL; JIMMY SANDERS; DAN WEI; and CHIEF TONY SPIVEY, ) ) ) ) ) | |
| Defendants. ) | |

## MOTION TO AMEND

COMES NOW, the Plaintiffs, by and through undersigned counsel of record and hereby moves this Honorable Court for an Order allowing him to amend the Defendant's name in the above referenced case from Tin Tin Supper Buffett to J.M.W.L.L.C. d/b/a Tin Tin Supper Buffet and for grounds states as follows:

1. The Defendant responded to the Plaintiffs' Interrogatory requesting the correct name of the Defendant and the name provided was J.M.W.L.L.C. d/b/a Tin Tin Supper Buffet.

2. No parties will be prejudiced by the granting of this motion as the information was provided by the Defendant.

Wherefore premises considered, Plaintiff respectfully requests that this Motion be granted.

Respectfully Submitted,

_/s/ Jeffrey W. Bennitt_____
Jeffrey W. Bennitt
ASB 0774 N51J
BENOO4

Jeffrey W. Bennitt & Associates, LLC,
121 Edenton St.
Birmingham, AL   35242
e-mail: Bennittlaw@aol.com
(205) 408-7240–office
(205) 408-9236–fax
(205) 213-8228–cell

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above was sent to Chad E. Stewart by making use of the electronic filing system in place in the United States District Court Middle District of Alabama Southern Division on this the 14th day of May, 2008.

Algert S. Agricola, Jr., Esq.
RYALS, PLUMMER, DONALDSON, AGRICOLA & SMITH, P.C.
60 Commerce Street, Ste. 1400
Montgomery, AL 36104

_/s/Jeffrey W. Bennitt___
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDNA AUSTIN, ) | |
| REDDING PHILLIP AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: _____ |
| ) | |
| J.M.W.L.L.C. D/b/a ) | TRIAL BY JURY DEMANDED |
| TIN TIN SUPPER BUFFET, ) | |
| CITY OF OZARK, ) | |
| WALTON RUSSELL, in his individual ) | |
| capacity, ) | |
| JIMMY SANDERS, ) | |
| DAN WEI, ) | |
| CHIEF TONY SPIVEY, in his individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

JURISDICTION

1. This is an action for declaratory judgment and damages to redress the deprivation of Plaintiff's rights secured by Titles II and III of the Americans With Disabilities Act, 42 U.S.C. Sections 12101, et seq., (29 CFR Part 1630, et seq).

This is an action brought under 42 U.S.C. Sections 12181 - 12189, Subchapter III, or, Title III of the Americans With Disabilities Act, places of public accommodations.

This is an action brought under 42 U.S.C. Sections 12131 - 12165, Subchapter II, or, Title II of the Americans With Disabilities Act, public services.

This is an action brought under 42 U.S.C. Section 12203, Subchapter IV, or, Title IV of

the Americans With Disability Act, anti-retaliation provision.

This is case is also brought pursuant to 42 U.S.C. Section 1983 for the infringement of plaintiffs' Constitutional rights as set out in Canton v. Harris, 489 U.S. 378 (1989), Rivas v. Freeman, 940 F.2d 1491 (1991) and Obert v. THE PYRAMID, City of Memphis, et al, 381 F.Supp.2d 723 (W.D.Tenn. 2005).

PARTIES

2. The Austins are a married couple and citizens of the United States, and residents of the State of Alabama, and over the age of nineteen (19) years. Plaintiffs entered defendants' RESTAURANT and attempted to have dinner there on to-wit, March 2, 2007.

3. Defendant *J.M.W.L.L.C. d/b/a Tin Tin Supper Buffet* is a public restaurant (public entity) doing business as a restaurant in the City of Ozark, Al. Defendant *Dan Wei* is the person in charge of the Restaurant or a person who operates a public entity. Defendant *Jimmy Sanders* is a manager or the general manage of a public entity.

4. Defendant *Walton Russell* is a police officer with the City of Ozark and acted in this action in his capacity as a police officer under color of state law. Defendant Chief Spivy is the chief of police of the police department and his the final decision-maker and policy maker for the City of Ozark.

5. Defendant *City of Ozark* has a police force to which Walton Russell was a member, and which, is a branch or agent of the city.

6. Defendant *Tin Tin Supper Buffet* is engaged in an industry affecting commerce (Section 12181, et seq).

7. Venue lies in the United States District Court for the Middle District of Alabama.

STATEMENT OF FACTS:

8. Plaintiff Ms. Austin is disabled under the ADA. She is blind and has to use a service animal to get around. Plaintiffs, Ms. Austin and her husband, Mr. Austin, were subjected to unlawful discrimination because of her disability. She went to the *Tin Tin Supper Buffet* restaurant to eat. She and her husband requested to eat with the other patrons in the restaurant, but were not allowed to eat with the other patrons in this public restaurant, and instead were lead to the back of the restaurant and told to eat there and they protested and were eventually, as told in more detail below, told to leave the Restaurant and to go home.

9. Initially, in violation of the Americans With Disabilities Act, Alabama Code Section 3-1-7 and Alabama code Section 21-7-5, the plaintiffs were ordered to leave the restaurant by the Matra Dei. They were told that the restaurant did not allow animals in the restaurant. After some discussion, they were allowed to sit at a table in the restaurant, however, they were seated in isolation, in a separate room on the far side of the restaurant. They insisted that they had a right to eat with the other patrons. The manager/general manager came over. He not only told her that she had no right tell him or the restaurant what to do, she had no right to tell him or the restaurant who could be served. She and her husband insisted on their rights under the ADA. However, the more they insisted on their rights, the more she and her husband were verbally abused by this manager/general manager. Even so, they kept insisting on their rights under the ADA and asked to eat with the other patrons and be treated like the other non-disabled patrons instead of being isolated. Ms. Austin was then told, in a loud voice for all to hear, she was being a "heifer," apparently a derogatory term meaning that she was a "fat cow", or, a general insult to a female. She was called this name in retaliation for requesting to eat with the other patrons

with her service animal. She was also told by this person, hostilely and intimidatingly, that she couldn't eat with the "other" people because her service animal was perceived (it is not clear who, other than he, the manager was referring to when he said perceived) to be a 'dirty' and 'dangerous' animal. Mr. And Mrs. Austin were shamed in front of the other patrons by her being called a "heifer" and by telling her in a rude and loud manner that he wasn't going to allow her and her "dirty" and "dangerous" animal sit with the other patrons. The manager's voice was loud.

    10.  Mrs. Austin had been told during her training classes with her service animal that she might encounter people in regards to what a service animal is, or in respect to her civil rights under the ADA. If such were to happen, she was instructed by her teachers to remain calm and call the police, who had training in the area of civil rights and knew the criminal law (or were supposed to) and would know that it is a misdeamnor under Alabama Law, Sections 3-1-7 and Alabama Code Section 21-7-5, to refuse to allow blind persons and their seeing dog to enjoy a public accommodation the same as anyone else and would inform these people what the law was. Ms. Austin remained calm and requested the manager to call the police.

    11.  The police for the City of Ozark were called. The dispatcher for the police told Mr. and Ms. Austin that they should wait outside for the police to come. An officer responded immediately and met them outside. They were standing next to a large window, where all of the patrons of the restaurant could see outside, when the officer approached. The Austins told the officer what had happened and told the officer that they wanted to eat with the other patrons and not in isolation. The responding officer called his lieutenant. The responding officer talked to his lieutenant. The responding officer then told them to go home. They went home. A few

4

days later, Mr. And Ms Austin visited the police station in an attempt to understand what they were to do if in the future they wanted to eat in a restaurant in Ozark, Alabama, particularly if they were faced with a similar situation–violations of their rights and violations of the criminal laws of the State of Alabama–if the police were not going to help but instead were only going to selectively enforce the law and tell them to go home (Ozark was the closest town to their house). They were told by a Captain that because the law that relates to civil rights matters changes, the police departments did not expect its officers to keep up with it (it should be noted here that one of the laws on books in the Code of Alabama regarding the rights of blind persons with seeing eye dogs has been on the books since 1967).  He did not comment on the selective enforcement of the violations of the criminal laws of the State of Alabama.  The Captain suggested that if it happened again the Austins call the Department of Human Resources.  With respect to the "heifer" comment, he stated that as a lodge brother of Jimmy Sanders, he found it hard to believe that Jimmy Sanders had said such a thing, but he said he would mention it to him.  Soon after this visit, the Captain called Mr. Austin to report that he and Police Chief Spivey had discussed the matter, and that Chief Spivey stated that it was permissible for the Austins to be isolated in the restaurant.  Again, no mention was made of the fact that the criminal law had been ignored.

FEDERAL CLAIMS:

  12.  J.M.W.L.L.C. d/b/a TIN TIN SUPER BUFFET,  DAN WEI AND JIMMY SANDERS:

  Title III of the Americans with Disability Act (Places of Public Accommodation) and Title IV of the Americans with Disability Act (The Anti-Retaliation Provision)

  The restaurant, by and through its agents, Jimmy Sanders and Dan Wei, and Jimmy

Sanders and Dan Wei individually, would not allow her to eat with the other patrons because of her service animal in violation of the ADA. Plaintiff alleges that the participation clause and the anti-retaliation provision of the ADA, unequivocally confer on those whom it protects a federal right to be free from retaliation and to participate in public services and also imposes a corrective duty on all individuals to refrain from discriminatory conduct. They were not allowed to participate and were retaliated against under the ADA because they were insulted and shamed in front of the public because they had exercised her rights under the ADA. They were not allowed to participate and were retaliated against when they were not allowed to eat with the other patrons and sent to a table at the other end of the restaurant, away from the public, which was an insult to them as well as treating them with less dignity than the other persons eating. They were not allowed to participate and were retaliated against when they were told to go home and were not welcome in their restaurant. They had a right to contract with the restaurant for public services the same as any other American citizen, a right given to them by the ADA, but, were denied this right of contract because she was blind and had to have the services of a seeing eye dog, all in violation of the ADA's participation clause and anti-retaliation provision. Plaintiffs were shamed and humiliated because of this. Then, they were confronted by the restaurant management in a humiliating an hostile manner, when the manager became openly hostile with Ms. Austin, insulting her and her husband, loudly calling her a "heifer" in front of the public people eating at the public restaurant and telling her and her husband that her seeing eye dog was a "dirty animal", and all of this just because they exercised her rights under the ADA.

WHEREFORE, Plaintiffs prays for the following:

a. Injunctive Relief - enjoin the Defendant from committing further violations.

    b. Compensatory damages for mental anguish and punitive damages for willful conduct.

    c. Award Plaintiff damages for suffering severe emotional distress and grant such plaintiff such other damages as allowed by law.

    d. Award Plaintiff costs and Attorney fees.

    12.  CITY OF OZARK:

    Title II of the Americans With Disabilities Act (Public Services) and Title IV of the American With Disabilities Act (Anti-Retaliation Provision)

    Plaintiffs allege that the anti-discrimination clause of Title II of the ADA, "...or be subjected to discrimination by any such entity" (Section 12132) and the anti-retaliation provision of Title IV of the ADA unequivocally confer on those whom it protects a federal right to participate and contract in and for the services of public accommodations and to be free from discrimination and/or retaliation from governmental entities and that Title II of the ADA also imposes a corrective duty on all public entities to refrain from such discriminatory and retaliatory conduct.

    The City of Ozark, acting through its agents ordered the plaintiffs to leave the restaurant, thereby denying them the right to contract with the restaurant for public accommodations and denying them access to a place of public accommodation because of their handicap and retaliating against them for protesting their right to be served in a public restaurant, thus violating Title II and Title IV of the ADA.

    The City of Ozark, acting through its agent, Officer Russell, upon confronting the plaintiffs outside the restaurant, told them to go home, again denying them the right to contract for public services, denying them access due to their handicap, and after plaintiffs protested they

had a right under the ADA to eat in that restaurant with the other patrons, retaliating against them by telling them to go home, thus violating Title II and Title IV of the ADA. This caused the plaintiffs shame and humiliation. All of this was done in the presence of the public, who were sitting in the restaurant, looking through the glass window(s) at the plaintiffs and the police officer. These defendants made no effort to address or correct the discrimination. The police officer did not even enter the restaurant before telling them to go home. Plaintiff claims that such action(s) of the City of Ozark violated plaintiffs rights under the ADA, as pronounced in the case of Shotz v. City of Plantation, Florida, 2003 EL 22071566 9 (11th Cir. 2003), and thus, was clearly established law, as well as through, Obert v. THE PYRAMID, City of Memphis, et al, 381 F.Supp.2d 723 (W.D.Tenn. 2005).

Section 1983 Violation: Failure to Train, Failure to Investigate, Failure to have a Policy

Furthermore, plaintiffs allege that the City of Ozark is liable to the plaintiffs under Section 1983 because they acted with deliberate indifference, and failed to take the appropriate actions necessary to ensure plaintiffs' access to the *Tin Tin Supper Buffet* and to ensure that plaintiffs would not be retaliated against simply because the plaintiffs asked to eat in a place of public accommodations. Plaintiffs allege that it was the defendant City's inaction that caused this to happen, that is, it was their failure to train its police officers and/or its failure to have a policy in effect to guide its police officers in what to do with regards to persons with handicaps attempting to access places of public accommodations. Plaintiffs allege, that this was the moving force behind the plaintiffs being told they could not eat at the restaurant and being told that they had to leave the restaurant to keep from causing a disturbance, and that this was a violation under Section 1983, under the law as set out in Canton v. Harris, 489 U.S. 378 (1989), Rivas v.

Freeman, 940 F.2d 1491 (1991).

    13.  OFFICER RUSSELL

Title II of the Americans With Disabilities Act (Public Services) and Title IV of the American With Disabilities Act (Anti-Retaliation Provision) and Section 1983 Violation.

Furthermore, plaintiffs reallege the facts as set forth and apply them to Officer Russell. Plaintiffs claim that Officer Russell violated their Constitutional rights as set out in Title III of the ADA and, also, as set out in Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241 (1964) and Robinson v. Power Pizza, Inc. 993 F. Supp. 1462 (M.D. Fla. 1998) as well as the Equal Protection clause of the Fourteen Amendment, that it is a fundamental right to be allowed access to places of public accommodation.  Plaintiff alleges that Officer Russell is liable to them under Title II and Title IV of the ADA and Section 1983.

Plaintiff alleges that, under color of law, he told them to go home.  He should have know, as any reasonable police officer should know, that there was probable cause that the restaurant was violating the Alabama Code Sections as heretofore stated.  He should have known that these laws have been on the books for a very long time.  He should have known that under the ADA, blind persons and their seeing eye dogs have the right of access to places of public accommodation and the right to the same enjoyment as the other patrons.  Instead of performing his duty and advising the restaurant to let the Austins eat with the other patrons, he told them to go home.  Not wanting to be arrested, the Austins went home.

WHEREFORE, Plaintiffs prays for the following:

a. Injunctive Relief - enjoin the Defendants from committing further violations.

b. Compensatory damages for mental anguish and punitive damages for willful conduct.

    c. Award Plaintiff damages for suffering severe emotional distress and grant such plaintiff such other damages as allowed by law.

    d. Award Plaintiff costs and Attorney fees.

STATE CLAIMS

    OUTRAGEOUS CONDUCT

    14. Plaintiffs allege each and every allegation and fact the same as heretofore set herein.

    15. Plaintiffs alleges that the conduct of the defendants passes beyond the boundaries of decency and humanity and that the conduct was outrageous and that it was motivated with an evil intent against a blind person and therefore different from them.  Plaintiffs allege that they suffered great mental distress and humiliation and especially Ms. Austin, for, she was blind, and in a place in which she was unfamiliar, and surrounded by antagonists which she had never seen, who were talking loudly and abusively to her, which she knew not from whom, but telling her that she had to leave the restaurant because of her blindness and then intimating, that she was disturbing the peace and telling her that she had to go home.

    WHEREFORE, Plaintiffs prays for the following:

    a. Compensatory damages for mental anguish and punitive damages for willful conduct.

    b. Award Plaintiff damages for suffering severe emotional distress and grant such plaintiff such other damages as allowed by law.

/s/ Jeff Bennitt
_____
Jeffrey W. Bennitt ASB N51J

BENOO4

Jeff Bennitt & Associates, LLC,
Suite 3A 4898 Valleydale Rd., Birmingham, Al 35242 (205) 408-7240
fax: (205) 408-9236    e-mail: Bennittlaw@aol.com

PLAINTIFF REQUESTS A TRIAL BY JURY

                                                 /s/ Jeff Bennitt
                                                 _____

PLAINTIFF'S ADDRESS:

c/ Jeff Bennitt & Associates