IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDNA AUSTIN,  ) | |
| REDDING PHILLIP AUSTIN,  ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | CIVIL ACTION NO: 1:07CV00883-MEF |
| ) | |
| TIN TIN SUPPER BUFFET,  ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO COMPLAINT**

**COMES NOW** Jimmy Sanders by and through undersigned counsel and hereby files this Answer to Plaintiff's Complaint and Amended Complaint and would represent as follows:

1. Defendant is without sufficient information to admit or deny the allegations of this paragraph of the Complaint. Therefore said allegations are denied.

2. Defendant is without sufficient information to admit or deny the allegations of this paragraph of the Complaint. Therefore said allegations are denied.

3. Defendant is without sufficient information to admit or deny the allegations of this paragraph except defendant Jimmy Sanders denies the he is the manager or general manager of a public entity. Defendant Sanders avers that he is not an agent, servant, manager, partner, share holder, or otherwise related to Tin Tin Super Buffet and/or JMW L.L.C.

4. Defendant is without sufficient information to admit or deny the allegations of this paragraph of the Complaint. Therefore said allegations are denied.

5. Defendant is without sufficient information to admit or deny the allegations of this paragraph of the Complaint. Therefore said allegations are denied.

6. Defendant is without sufficient information to admit or deny the allegations of this paragraph of the Complaint. Therefore said allegations are denied.

7. Admitted.

8. Defendant is without sufficient information to admit or deny the allegations of this paragraph of the Complaint. Therefore said allegations are denied. .

9. Defendant is without sufficient information to admit or deny the allegations of this paragraph of the Complaint. However, to the extent that allegations are made against Jimmy Sanders in this paragraph, those allegations are denied.

10. Defendant is without sufficient information to admit or deny the allegations of this paragraph of the Complaint. However, to the extent that allegations are made against Jimmy Sanders in this paragraph, those allegations are denied.

11. Defendant is without sufficient information to admit or deny the allegations of this paragraph of the Complaint. However, to the extent that allegations are made against Jimmy Sanders in this paragraph, those allegations are denied.

12. Denied. Defendant, Sanders denies that he committed any act that could be considered discriminatory, derogatory, contumely, or otherwise demeaning towards the plaintiffs.

*Incorrectly marked*

12. "City of Ozark" This paragraph apparently makes no allegations against defendants Sanders. However, to the extent allegations are made against Jimmy Sanders, those allegations are denied.

13. "Officer Russell" This paragraph apparently makes no allegations against defendants, Sanders. However, to the extent allegations are made against Jimmy Sanders, those allegations are denied.

14. "State Claims" Allegations in paragraph 14 and 15 of the Complaint are all denied.

## DEFENSES

In further answer to the complaint, defendant Sanders pleads as follows:

## FIRST DEFENSE

The defendant Jimmy Sanders is not guilty of any of the wrongful conduct alleged by the plaintiffs in the complaint.

## SECOND DEFENSE

The Complaint fails to states a cause of action against the defendant Sanders for which relief maybe granted under applicable state or federal law.

## THIRD DEFENSE

The defendant denies that he is an entity subject to regulation by any provision of the Americans with Disabilities Act, and/or 42 U.S.C. Section 1983, or any other applicable state or federal statute.

## FORTH DEFENSE

To the extent that defendant has not specifically admitted the allegations of the complaint, Defendant denies the allegations of the complaint, and demands strict proof thereof.

## FIFTH DEFENSE

The defendant asserts that plaintiff Phillip Austin lacks standing and privity to assert any claims alleged in this complaint.

## SIXTH DEFENSE

Plaintiffs claims are barred by the statue of frauds.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the Parol Evidence Rule.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata, waiver, estoppel, accord and satisfaction, and release.

## NINTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## TENTH DEFENSE

Plaintiffs' claims are barred by the Statute of Limitations

## ELEVENTH DEFENSE

Defendant asserts that the court does not have jurisdiction over the person and or the subject matter.

## TWELFTH DEFENSE

Defendant Sanders submits that the Americans with Disabilities Act does not authorize suit against individuals. Therefore plaintiffs' claims against Jimmy Sanders must be dismissed.

## THIRTEENTH DEFENSE

Defendant Sanders asserts that plaintiffs have not been injured or damaged by any of the events alleged in the complaint.

## FOURTEENTH DEFENSE

Defendant Sanders asserts that there is insufficient nexus with interstate commerce for this Court to assume jurisdiction of Plaintiff's claim.

## FIFTEENTH DEFENSE

Defendant Sanders submits that the plaintiffs have failed to perform all of their duties in

perfecting a claim under the Americans with Disabilities Act and/or other applicable statues.

### SIXTEENTH DEFENSE

Defendant Sanders submits that plaintiffs have failed to mitigate their damages.

### SEVENTEENTH DEFENSE

The defendant Sanders submits that he is an individual, and is not an officer, director, manager, general manager, share holder, agent, employee or servant of Tin Tin Super Buffet and/or J.M.W.L.L.C.

### EIGHTEENTH DEFENSE

Plaintiff's claims for punitive damages violate the constitutional rights of Jimmy Sanders guaranteed by the Eighth Amendment of the Constitution of the United States of American in that said claims constitute an illegal fine.

### NINETEENTH DEFENSE

Plaintiffs' claims for punitive damages violate the rights of Jimmy Sanders guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are attempts to acquire the property of defendant through state action, without due process of law.

### TWENTIETH DEFENSE

Plaintiffs' claims for punitive damages violate the rights of Jimmy Sanders guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are vague and not rationally related to legitimate government interests.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages violate the double jeopardy clause of the Constitution of the United Stated of America.

### TWENTY-SECOND DEFENSE

Imposition of punitive damages against Jimmy Sanders would violate the due process clause of

the Constitution of the United States and the due process clause of the Alabama Constitution.

### TWENTY-THIRD DEFENSE

Any claim for punitive damages or damages for mental anguish against Jimmy Sanders cannot be sustained because an award of such damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or appropriate size of damages award, (2) is not instructed on the limits on damages imposed by the applicable principle of deterrence and punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards would violate defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama Constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### TWENTY-FOURTH DEFENSE

Any claim for punitive damages Jimmy Sanders cannot be sustained because an award of damages without proof of every element beyond a reasonable doubt would violate defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

### TWENTY-FIFTH DEFENSE

Any claim for punitive damages against Jimmy Sanders cannot be sustained, because any such award of damages would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as

incorporated into the Fourteenth Amendment and the Alabama Constitution provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims for punitive damages violate the rights of Jimmy Sanders as guaranteed by the Fifth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, yet the defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against themselves.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims for punitive damages violates the rights of Jimmy Sanders guaranteed by the Constitution of the State of Alabama in that they are penal in nature yet require a burden of proof by plaintiffs which is less than beyond a reasonable doubt.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama which provided that no person shall be deprived of life, liberty, property, except by due process of law, in that the lows and statute allowing the award of punitive damages are vague and are not rationally related to legitimate government interests.

**TWENTY- NINTH DEFENSE**

Imposition of punitive damages in this action against Jimmy Sanders without a statutory limit as to the amount of said damages violates the Due Process Clause and the defendant's guarantee of equal protection as required by the constitution of the State of Alabama.

**THIRTIETH DEFENSE**

Any claim for punitive damages against Jimmy Sanders cannot be sustained because an award of damages under state law for the purpose of compensating plaintiffs for element not otherwise

recognized by Alabama law would violate the defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### THIRTY- FIRST DEFENSE

Any claim for punitive damages against Jimmy Sanders cannot be sustained because an award of damages under Alabama law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protein against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### THIRTY-SECOND DEFENSE

Any claim for punitive damages against Jimmy Sanders cannot be sustained, because any such award of damages exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provision providing for due process and protesting against fines and cruel and unusual punishment.

### THIRTY-THIRD DEFENSE

Plaintiffs' claim for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama in that they are penal in nature, yet theses defendants may be compelled to disclose

potentially incriminating documents in evidence and to testify against themselves.

## THIRTY-FOURTH DEFENSE

Jimmy Sanders plead that plaintiffs' request damages, including punitive damages and equitable or injunctive relief, are not available.

## THIRTY-FIFTH DEFENSE

Jimmy Sanders affirmatively states that any alleged damages which the Plaintiffs now complain of were caused by a subsequent intervening person or factor and were not proximately caused by any act or omission of these defendants.

## THIRTY-SIXTH DEFENSE

Jimmy Sanders hereby adopts every other answer and affirmative defense raised by any other defendants herein, to the nature and extent that said answer or affirmative defense is applicable to Jimmy Sanders.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' demands are not reasonable or commercially feasible.

## THIRTY-EIGHTH DEFENSE

Jimmy Sanders reserve the right to add additional affirmative defenses as discovery proceeds in this matter.

## THIRTY-NINTH DEFENSE

Jimmy Sanders committed no wrongful act nor allowed any wrongful omission to act in this case.

**RESPECTFULLY** submitted this the 9th day of June, 2008.

/s/ Blaine C. Stevens
**BLAINE C. STEVENS (STE091**
Attorney for defendant Jimmy Sanders

**OF COUNSEL:**
Strickland & Kendall, L.L.C.
2740 Zelda Road, Suite 500 (36106)
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by electronic filing or by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the 9th day of June, 2008.

Jeffery Bennett Esq.
Jeff Bennett & Associates
Ste 3A 4898 Valleydale Road
Birmingham, AL 35242

Algert Agricola Esq.
Jason Baird Esq.
Slaten & O'Connor
Winter-Loeb Building Ste 101
Montgomery, AL 36104

Steadman Shealy Esq.
Post Office Box 6346
Dothan, AL 36302

/s/ Blaine C. Stevens
OF COUNSEL