IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDNA AUSTIN and REDDING PHILLIP AUSTIN, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. |
| J.M.W.L.L.C. d/b/a TIN TIN SUPER BUFFET; CITY OF OZARK; WALTON RUSSELL; JIMMY SANDERS; DAN WEI; and CHIEF TONY SPIVEY, ) ) ) ) ) ) ) | 1:07-cv-883-MEF |
| Defendants. ) | |

**ANSWER OF J.M.W.L.L.C d/b/a TIN TIN SUPER BUFFET
AND DAN WEI TO AMENDED COMPLAINT**

COMES NOW separate Defendants J.M.W.L.L.C. d/b/a Tin Tin Super Buffet and Dan Wei (hereinafter "Tin Tin," unless separately designated), by and through the undersigned counsel, and for Answer to Plaintiffs' Amended Complaint, state and answer as follows:

## JURISDICTION

1. The averments of this paragraph do not require a response. To the extent that the averments of this paragraph are intended to impose liability upon Tin Tin, Tin Tin denies the same and demands strict proof thereof.

2. To the best of Tin Tin's knowledge and belief, admitted.

3. Tin Tin admits that the Tin Tin Super Buffet is a restaurant and that Dan Wei is an employee of the Tin Tin Super Buffet. Tin Tin denies the remaining averments of this paragraph and demands strict proof thereof.

4. Tin Tin lacks sufficient information to admit or deny the averments of this paragraph, and so denies the same and demands strict proof thereof.

5. Tin Tin lacks sufficient information to admit or deny the averments of this paragraph, and so denies the same and demands strict proof thereof.

6. Tin Tin lacks sufficient information to admit or deny the averments of this paragraph, and so denies the same and demands strict proof thereof.

7. The averments of this paragraph do not require a response. To the extent that the averments of this paragraph are intended to impose liability upon Tin Tin, Tin Tin denies the same and demands strict proof thereof.

## STATEMENT OF FACTS

8. Tin Tin lacks sufficient information to admit or deny that Edna Austin is blind and uses a seeing eye dog, and so denies the same and demands strict proof thereof. Tin Tin denies the remaining allegations of this paragraph and demands strict proof thereof.

9. Tin Tin denies the allegations of this paragraph and demands strict proof thereof.

10. Tin Tin lacks sufficient information to admit or deny the averments of this paragraph, and so denies the same and demands strict proof thereof.

11.   Tin Tin lacks sufficient information to admit or deny the averments of this paragraph, and so denies the same and demands strict proof thereof.

## **FEDERAL CLAIMS**

12.   Tin Tin denies the allegations of this paragraph and demands strict proof thereof.

12.[1]   The averments of this paragraph do not state a claim against Tin Tin. To the extent the averments of this paragraph are intended to state a claim against Tin Tin, Tin Tin denies the same and demands strict proof thereof.

FURTHERMORE, Tin Tin denies that Plaintiffs are entitled to the relief sought in paragraph 12 of their Complaint and demands strict proof thereof.

13.   The averments of this paragraph do not state a claim against Tin Tin. To the extent the averments of this paragraph are intended to state a claim against Tin Tin, Tin Tin denies the same and demands strict proof thereof.

## **STATE CLAIMS**
## **OUTRAGEOUS CONDUCT**

14.   Tin Tin adopts the responses made heretofore as if fully set forth herein.

15.   Tin Tin denies the averments of this paragraph and demands strict proof thereof.

---

[1] The complaint contains two paragraphs bearing number 12. The first appears to be directed to Tin Tin, Dan Wei, and Jimmy Sanders. The second paragraph numbered 12 appears to be directed to the City of Ozark.

FURTHERMORE, Tin Tin denies that Plaintiffs are entitled to the relief sought in paragraph 15 of their Complaint, and demands strict proof thereof.

## DEFENSES

Alternatively, and without waiving the foregoing, Tin Tin and Dan Wei state and answer as follows:

## FIRST DEFENSE

Tin Tin and Dan Wei deny the material allegations of Plaintiffs' Amended Complaint and demand strict proof thereof.

## SECOND DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## THIRD DEFENSE

Redding Phillip Austin lacks standing and privity to assert the Complaint.

## FOURTH DEFENSE

Plaintiffs claims are barred by the Statute of Frauds.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the Parol Evidence Rule.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata, waiver, estoppel, accord and satisfaction, and release.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## EIGHTH DEFENSE

Tin Tin and Dan Wei assert that jurisdiction and venue are lacking.

## NINTH DEFENSE

Plaintiffs' claims are barred by the Statute of Limitations.

## TENTH DEFENSE

Plaintiffs do not come into this action with "clean hands."

## ELEVENTH DEFENSE

Tin Tin and Dan Wei plead failure of consideration.

## TWELFTH DEFENSE

Tin Tin and Dan Wei plead license and payment.

## THIRTEENTH DEFENSE

Tin Tin avers that it is not an employer, public entity or private entity within the ambit of the ADA.

## FOURTEENTH DEFENSE

Tin Tin and Dan Wei plead that the ADA does not authorize suits against individuals; hence, Plaintiffs' claims against Dan Wei must be dismissed.

## FIFTEENTH DEFENSE

Tin Tin and Dan Wei assert that Plaintiffs have not been injured or damaged by the events alleged in the Complaint.

## SIXTEENTH DEFENSE

Tin Tin and Dan Wei plead that there is insufficient nexus with interstate commerce for this Court to assume jurisdiction over Plaintiffs' claims.

## SEVENTEENTH DEFENSE

Tin Tin and Dan Wei plead failure to exhaust administrative remedies.

## EIGHTEENTH DEFENSE

Tin Tin and Dan Wei plead failure to mitigate damages.

## NINETEENTH DEFENSE

Plaintiffs' claims for punitive damages violate the constitutional rights of Tin Tin and Dan Wei guaranteed by the Eighth Amendment of the Constitution of the United States of America in that said claims constitute an illegal fine.

## TWENTIETH DEFENSE

Plaintiffs' claims for punitive damages violate the rights of Tin Tin and Dan Wei as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are attempts to acquire the property of Defendants, through state action, without due process of law.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages violate the rights of Tin Tin and Dan Wei guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are vague and not rationally related to legitimate government interests.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims for punitive damages violate the double jeopardy clause of the Constitution of the United States of America.

## TWENTY-THIRD DEFENSE

Imposition of punitive damages against Tin Tin and Dan Wei would violate the due process clause of the Constitution of the United States and the due process clause of the Alabama Constitution.

## TWENTY-FOURTH DEFENSE

Any claim for punitive damages or damages for mental anguish against Tin Tin and Dan Wei cannot be sustained because an award of such damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or appropriate size of a damages award, (2) is not instructed on the limits on damages imposed by the applicable principle of deterrence and punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award damages

under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama Constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## TWENTY-FIFTH DEFENSE

Any claim for punitive damages against Tin Tin and Dan Wei cannot be sustained because an award of damages without proof of every element beyond a reasonable doubt would violate Defendants' due process rights under the Fourteenth Amendment of the United States Constitution.

## TWENTY-SIXTH DEFENSE

Any claim for punitive damages against Tin Tin and Dan Wei cannot be sustained, because any such award of damages would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama Constitution provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims for punitive damages violate the rights of Tin Tin and Dan Wei as guaranteed by the Fifth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, yet the Defendants may be compelled to disclose potentially incriminating documents in evidence and to testify against themselves.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims for punitive damages violates the rights of Tin Tin and Dan Wei guaranteed by the Constitution of the State of Alabama in that they are penal in nature yet require a burden of proof by Plaintiffs which is less than beyond a reasonable doubt.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims for punitive damages violates Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, property, except by due process of law, in that the punitive damages are vague and are not rationally related to legitimate government interests.

**THIRTIETH DEFENSE**

Imposition of punitive damages in this action against Tin Tin and Dan Wei without a statutory limit as to the amount of said damages violates the Due Process Clause and the Defendants' guarantee of equal protection as required by the Constitution of the State of Alabama.

### THIRTY-FIRST DEFENSE

Any claim for punitive damages against Tin Tin and Dan Wei cannot be sustained because an award of damages under state law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate the Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### THIRTY-SECOND DEFENSE

Any claim for punitive damages against Tin Tin and Dan Wei cannot be sustained because an award of damages under Alabama law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Defendants' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### THIRTY-THIRD DEFENSE

Any claim for punitive damages against Tin Tin and Dan Wei cannot be sustained, because any such award of damages exceeding the limits authorized by the Alabama

Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claim for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama in that they are penal in nature, yet these Defendants may be compelled to disclose potentially incriminating documents in evidence and to testify against themselves.

### THIRTY-FIFTH DEFENSE

Tin Tin and Dan Wei plead that Plaintiffs' requested damages, including punitive damages and equitable or injunctive relief, are not available.

### THIRTY-SIXTH DEFENSE

Tin Tin and Dan Wei affirmatively state that any alleged damages which the Plaintiffs now complain of were caused by a subsequent intervening person or factor and were not proximately caused by any act or omission of these Defendants.

## THIRTY-SEVENTH DEFENSE

Tin Tin and Dan Wei hereby adopt every other answer and affirmative defense raised by any other Defendant herein, to the nature and extent that said answer or affirmative defense is applicable to Tin Tin and Dan Wei.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' demands are not reasonable or commercially feasible.

## THIRTY-NINTH DEFENSE

Tin Tin and Dan Wei reserve the right to add additional affirmative defenses as discovery proceeds in this matter.

Respectfully submitted this the 11th day of June, 2008.

/s Algert S. Agricola, Jr.
**ALGERT S. AGRICOLA, JR. (ALA. ID AGR001)**
**COUNSEL FOR TIN TIN SUPER BUFFET and DAN WEI**

**OF COUNSEL:**

**RYALS, PLUMMER, DONALDSON,**
**AGRICOLA & SMITH, P.C.**
60 Commerce Street, Suite 1400
Montgomery, AL 36104
(334) 834-5290 P
(334) 834-5297 F
email: aagricola@rpdas.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDNA AUSTIN and REDDING PHILLIP AUSTIN, | ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| v. | ) ) | Civil Action No. |
| TIN TIN SUPPER BUFFET; CITY OF OZARK; WALTON RUSSELL; JIMMY SANDERS; DAN WEI; and CHIEF TONY SPIVEY, | ) ) ) ) ) ) | 1:07-cv-0883-MEF |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on June 11th, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve electronic notice upon the following CM-ECF system participants:

Jeffrey W. Bennitt, Esq.
Jeff Bennitt & Associates, LLC
121 Edenton Street
Birmingham, AL 35242
Bennittlaw@aol.com
*Counsel for Plaintiffs*

Steadman S. Shealy
James H. Pike
Shealy, Crum & Pike, P.C.
P.O. Box 6346
Dothan, AL 36302-6346
*Counsel for City of Ozark Defendants*

Blaine C. Stevens
Strickland & Kendall, L.L.C.
2740 Zelda Road, Suite 500
Montgomery, AL 36106
*Counsel for Defendant Jimmy Sanders*

Respectfully submitted,

/s Algert S. Agricola, Jr.
Algert S. Agricola, Jr.(ALA. ID AGR001)
**RYALS, PLUMMER, DONALDSON,
AGRICOLA & SMITH, P.C.**
60 Commerce Street, Suite 1400
Montgomery, AL 36104
(334) 834-5290 P
(334) 834-5297 F
email: aagricola@rpdas.com

M:\Gen Litigation\Colony Group\Tin Tin Supper Buffet\Plead\Answer to Amended Complaint 06-11-08.wpd