**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EDNA AUSTIN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-883-MEF** |
| | ) | |
| **J.M.W., L.L.C., d/b/a TIN TIN** | ) | |
| **SUPER BUFFET, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION TO STAY**

Defendants the City of Ozark, Alabama, Chief Tony Spivey, and Officer Walton Russell move to stay this action pending the resolution of their motion to dismiss invoking immunity. In support of this motion, the defendants state as follows:

On June 19, 2008, these defendants jointly filed a motion to dismiss, which raises the defenses of qualified immunity and State-agent immunity. The motion plainly states, "Officer Russell invokes the defense of qualified immunity. Officer Russell, Chief Spivey, and the City of Ozark invoke the defense of State-agent immunity."

The defendants believe their motion and its supporting memorandum demonstrate their clear entitlement to immunity.

"Qualified immunity is an immunity from suit rather than a mere defense from liability." McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007). "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are

1

avoided where the defense is dispositive." <u>Saucier v. Katz</u>, 533 U.S. 194, 200 (2001).

If the defendants are entitled to immunity, they have a right not to expend time and resources participating in the discovery process. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985).

The Supreme Court has explained that, "One of the purposes of the <u>Harlow</u> qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.' For this reason, we have emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation." <u>Anderson v. Creighton</u>, 483 U.S. 635, 646 n.6 (1987) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817 (1982)).

Based on the foregoing, the defendants move to stay this action pending a determination of their motion to dismiss invoking immunity.

**s/ James H. Pike**
James H. Pike  (PIK003)
Attorney for Defendants
City of Ozark, Alabama, Chief Tony Spivey
and Officer Walton Russell

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on June 19, 2008, I electronically served

this document upon:

Jeffrey W. Bennitt
JEFFREY W. BENNITT & ASSOCIATES, L.L.C.
121 Edenton Street
Birmingham, Alabama 35242-5260

Algert S. Agricola, Jr.
RYALS, PLUMMER, DONALDSON, AGRICOLA
& SMITH, P.C.
60 Commerce Street, Suite 1400
Montgomery, Alabama 36104-3562

Blaine C. Stevens
STRICKLAND & KENDALL, L.L.C.
P.O. Box 99
Montgomery, Alabama 36101-0099


**s/ James H. Pike**
James H. Pike